# In the United States Court of Federal Claims

No. 19-1340C

(Filed: January 13, 2020)

```
*************************************
                                    *
                                    *
ALYSIA CARTER,                      *
                 Plaintiff,         *  Rule 12(b)(1) Motion to Dismiss
                                    *  for Lack of Subject Matter
v.                                  *  Jurisdiction; Torts; Criminal
                                    *  Violations; 14th Amendment;
THE UNITED STATES,                  *  Pro Se Plaintiff.
                                    *
                 Defendant.         *
                                    *
*************************************
```

*Alysia Carter*, Edgewood, Maryland, *pro se* Plaintiff.

*Michael D. Austin*, Trial Attorney, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Kenneth M. Dintzer*, Deputy Director, Commercial Litigation, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

This is a *pro se* action filed by Plaintiff Alysia Carter, seeking over $500 million in damages. Am. Comp. ¶ 38. Ms. Carter identifies as a "descendant of the autochthonous people of America." Id. ¶ 28. In her complaint, Ms. Carter alleges that the United States: (1) "knowingly committed fraud by having racial classifications on identification documents, permit[ed] [ ] identity theft, and l[ied] by omission;" (2) denied Plaintiff her inheritance "to which she is entitled as a descendant of the autochthonous people of America;" and (3) violated the constitution by fraudulently denying Ms. Carter her inheritance. Id. ¶¶ 29, 33–35. Ms. Carter argues that she "has been falsely classified as 'Black' or 'African American' all her life…and has suffered emotional and economic damage from not knowing her true identity." Id. ¶ 32.

On November 25, 2019, the Government filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Dkt. No. 6. The Government contends that Ms.

Carter's allegations are either tort-based claims or criminal violations, both of which fall outside of this Court's jurisdiction. Id. at 1. The Court agrees with the Government. For the reasons stated herein, Ms. Carter's complaint is DISMISSED.

## Discussion

In deciding whether it has subject-matter jurisdiction, the Court "accepts as true all uncontroverted factual allegation in the complaint and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although the Court holds *pro se* pleadings to a lower standard, a *pro se* plaintiff must still prove subject-matter jurisdiction by a preponderance of evidence. See Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

Under the Tucker Act, the Court may hear any "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself does not create a substantive cause of action. Rather, for a claim to be cognizable under the Tucker Act, the plaintiff must identify a "separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The separate source of substantive law is considered money-mandating if it "can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s]." Id. at 1173 (quoting United States v. Mitchell, 463 U.S. 206, 217 (1983)).

While difficult to decipher, Mr. Carter's claims, which are based on a theory of fraud and theft of her inheritance by Defendant, are tort-based claims or criminal violations. This Court, however, has no jurisdiction to decide claims involving violations of the criminal code, Hufford v. United States, 87 Fed. Cl. 696, 702 (2009), or claims sounding in tort, Rick's Mushroom Service, Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Accordingly, these claims must be dismissed for lack of subject matter jurisdiction.

## Conclusion

For the reasons above, the Court DISMISSES Plaintiff Alysia Carter's complaint for lack of subject-matter jurisdiction. The Clerk is directed to dismiss Plaintiff's complaint without prejudice.

IT IS SO ORDERED.

_____
THOMAS C. WHEELER
Judge